UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FRANYEL JOSUE MUNOZ-
RODRIGUEZ,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.
_____/

Case No. 1:26-cv-2186

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.27.)

In an Order entered on July 31, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the January 13, 2026, bond hearing on August 4, 2026. (Resp., ECF No. 5; Recording of Jan. 13, 2026, Bond Hearing, filed on Aug. 4, 2026.) Petitioner filed his reply on August 6, 2026. (ECF No. 7.)

## II.    Relevant Factual Background

Petitioner is a citizen of Nicaragua who entered the United States in 2022.[1] (Pet., ECF No. 1, PageID.5–6.) On October 27, 2025, ICE arrested Petitioner in Chicago. (*Id.*, PageID.7.)

On January 13, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (*Id.*, PageID.8.) At the conclusion of the hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Danger and Flight Risk." (Immigration Judge Order, ECF No. 1-1, PageID.73.)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on January 13, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

---

[1] Petitioner was paroled into the United States until February 15, 2023. (I-94, ECF No. 1-1, PageID.44.) DHS agents arrested Petitioner on October 27, 2025, after his parole expired.

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      August 10, 2026          /s/ Jane M. Beckering
                                      Jane M. Beckering
                                      United States District Judge